IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-83-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| LANDON THOMAS DUPREE, | |
| Defendant. | |

## I. Synopsis

Mr. Landon Thomas Dupree was accused of violating his conditions of supervised release by (1) possessing drug paraphenalia while residing in the Great Falls Transition Center; and (2) by submitting a urine sample that tested positive for Suboxone and methamphetamine. Mr. Dupree admitted to violation 1 and to submitting a urine sample that tested positive for Suboxone as alleged in violation 2; however, Mr. Dupree denies testing positive for methamphetamine. Mr. Dupree's supervised release should be revoked. He should be placed in custody for two months, with 32 months of supervised release to follow.

## II. Status

On November 20, 2014, Mr. Dupree pleaded guilty to the unlawful transport

1

of firearms. On March 17, 2015, United States District Judge Brian Morris sentenced Mr. Dupree to twelve months and one day of custody, followed by 36 months of supervised release. (Doc. 22.)

Due to credit for time served awaiting sentencing, Mr. Dupree's initial term of supervised release began on August 7, 2015. On November 12, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Mr. Dupree had violated the terms of his supervised release by using methamphetamine. Following the recommendation of the United States Probation Office, Judge Morris allowed Mr. Dupree to continue his supervised release. (Doc. 25.) On January 13, 2016, the United States Probation Office filed a Petition for Warrant or Summons alleging that Mr. Dupree violated the conditions of his supervised release by (1) failing to report for substance abuse treatment; (2) failing to report for substance abuse testing; (3) by using methamphetamine; and (4) by submitting a urine sample that tested positive for methamphetamine. Judge Morris issued the warrant. (Doc. 27.) On March 15, 2016, the undersigned presided over a Final Hearing Regarding Revocation of Supervised Release and submitted Findings and Recommendations to the district court. (Doc. 38.) On March 16, 2016, Judge Morris adopted the findings and recommendations of the undersigned and sentenced Mr. Dupree to time served with thirty-four months of supervised

release to follow, with six months of that time to be spent in a residential re-entry center. (Doc. 40.) Mr. Dupree's second term of supervised release started on March 17, 2016.

**Petition**

On August 11, 2016, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that Mr. Dupree violated the conditions of his supervised release by (1) possessing drug paraphernalia while residing in the Great Falls Transition Center and (2) by submitting a urine sample that tested positive for Suboxone and methamphetamine. Based on the information provided in the petition, Judge Morris issued a warrant for Mr. Dupree's arrest. (Doc. 44.)

**Initial appearance**

Mr. Dupree appeared before the undersigned on August 23, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Dupree said he had read the petition and understood the allegations. Mr. Dupree waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Dupree admitted that he violated the conditions of his supervised

release.  The violations are serious and warrant revocation of Mr. Dupree's supervised release.

Mr. Dupree's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months and could be ordered to remain on supervised release for 34 months, less any custody time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Arvanetes recommended a custodial sentence equivalent to the time Mr. Dupree had remaining in his term at the Transition Center (one month). Mr. Weldon recommended a sentence within the guideline range.

### III.  Analysis

Mr. Dupree's supervised release should be revoked because he admitted violating its conditions.  Mr. Dupree  should be sentenced to two months of incarceration, with thirty-two months of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Dupree  was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and

Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Dupree's objection, if it is filed within the allotted time, before making a final determination on whether to revokehis supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Landon Thomas Dupree violated a special condition of his supervised release by possessing drug paraphernalia in violation of the rules of the Residential Re-entry Center where he resided.

2. Landon Thomas Dupree violated a standard condition of his supervised release by submitting a urine sample that tested positive for Suboxone and methamphetamine.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Dupree's supervised release and committing Mr. Dupree to the custody of the United States Bureau of Prisons for two months, with thirty-two months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 29th day of August, 2016.

John Johnston
United States Magistrate Judge