IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LANDON THOMAS DUPREE,<br><br>Defendant. | CR 14-83-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Dupree of violating his conditions of supervised release by (1) submitting a urine sample that tested positive for methamphetamine on two occasions and (2) failing to report for substance abuse testing. Mr. Dupree admitted to the violations. Mr. Dupree's supervised release should be revoked. He should be sentenced to four months in custody, with twenty-eight months of supervised release to follow.

1

## II. Status

On November 20, 2014, Mr. Dupree pleaded guilty to the unlawful transport of firearms. On March 17, 2015, United States District Judge Brian Morris sentenced Mr. Dupree to twelve months and one day of custody, followed by thirty-six months of supervised release. (Doc. 22.) Mr. Dupree's initial term of supervised release began on August 7, 2015.

On November 12, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Mr. Dupree had violated the terms of his supervised release by using methamphetamine. Following the recommendation of the United States Probation Office, Judge Morris allowed Mr. Dupree to continue his supervised release. (Doc. 25.)

On March 16, 2016, Judge Morris revoked Mr Dupree's supervised release because he violated the conditions of his supervised release by (1) failing to report for substance abuse treatment; (2) failing to report for substance abuse testing; (3) by using methamphetamine; and (4) by submitting a urine sample that tested positive for methamphetamine. Judge Morris sentenced Mr. Dupree to time served with thirty-four months of supervised release to follow, with six months of that time to be spent in a residential re-entry center. (Doc. 40.) Mr. Dupree's second term of supervised release started on March 17, 2016.

On September 13, 2016, Judge Morris again revoked Mr. Dupree's supervised release because he violated the conditions of his supervised release by (1) possessing drug paraphernalia while residing in the Great Falls Transition Center and (2) by submitting a urine sample that tested positive for Suboxone and methamphetamine. (Doc. 52.) Judge Morris sentenced him to two months in custody, with thirty-two months of supervised release to follow. (*Id.*) His current term of supervised release began on October 10, 2016.

On November 21, 2106, the Probation Office filed a Report on Offender Under Supervision informing the Court that Mr. Dupree violated the conditions of his supervised release by (1) failing to report as directed and (2) testing positive for methamphetamine. (Doc. 54.) Judge Morris allowed him to continue his supervised release and referred him to substance abuse treatment.

**Petition**

On December 27, 2016, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that Mr. Dupree violated the conditions of his supervised release by (1) submitting a urine sample that tested positive for methamphetamine on two occasions and (2) failing to report for substance abuse testing. (Doc. 55.) Based on the information provided in the petition, Judge Morris issued a warrant for Mr. Dupree's arrest. (Doc. 56.)

**Initial appearance**

Mr. Dupree appeared before the undersigned on February 1, 2017, in Great Falls, Montana. Federal Defender Hank Branom accompanied him. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Dupree said he had read the petition and understood the allegations. Mr. Dupree waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Dupree admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Dupree's supervised release.

Mr. Dupree's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for thirty-two months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Branom recommended a sentence at the low-end of the guideline. Mr. Dupree exercised his right of allocution and stated that it is hard to stay clean on the reservation. Mr. Dake recommended a sentence of four months in custody.

## III. Analysis

Mr. Dupree's supervised release should be revoked because he admitted violating its conditions. Mr. Dupree should be sentenced to four months of incarceration, with twenty-eight months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Mr. Dupree was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Dupree's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Landon Thomas Dupree violated a special condition of his supervised release by (1) submitting a urine sample that tested positive for methamphetamine on two occasions and (2) failing to report for substance abuse testing. .

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment,

>revoking Mr. Dupree's supervised release and committing Mr. Dupree to the custody of the United States Bureau of Prisons for four months, with twenty-eight months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of February 2017.

John Johnston
United States Magistrate Judge