IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-83-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| LANDON THOMAS DUPREE, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Dupree of violating the conditions of his supervised release by (1) failing to report to his probation officer as directed, (2) possessing a controlled substance on June 12, 2017, (3) using a controlled substance on June 12, 2017, (4) failing to report for substance abuse testing, (5) failing to report for substance abuse treatment, (6) possessing a controlled substance on July 2, 2017, and (7) using a controlled substance on July 2, 2017. He admitted to the allegations 1-5. The United States did not put on evidence as to allegations 6 and 7. Mr. Dupree's supervised release should be revoked. He should be sentenced to twelve months and one day in custody, with no supervised release to follow.

## II.   Status

United States District Judge Brian Morris sentenced Mr. Dupree to twelve months and one day in custody, with thirty-six months of supervised release to follow on March 8, 2015, after Mr. Dupree pleaded guilty to Felon in Possession of a Firearm. (Doc. 22.)

Judge Morris revoked Mr. Dupree's supervised release on March 16, 2016, because Mr. Dupree failed to report for substance abuse testing, failed to report for substance abuse treatment, and used controlled substances. (Doc. 41.) Judge Morris sentenced him to time served, with thirty-four months of supervised release to follow. (*Id.*)

Judge Morris revoked Mr. Dupree's supervised release for a second time on September 13, 2016, because Mr. Dupree failed to follow the rules while at the Residential Reentry Center and used controlled substances. (Doc. 52.) Judge Morris sentenced him to two months in custody, with thirty-two months of supervised release to follow. (*Id.*)

The United States Probation Office filed a Report on Offender Under Supervision on November 11, 2016, notifying the Court that Mr. Dupree failed to report as directed and tested positive for methamphetamine. (Doc. 54.) Judge Morris allowed Mr. Dupree to continue his supervised release.

Judge Morris revoked Mr. Dupree's supervised release for a third time on February 28, 2017, because he failed to report for substance abuse testing and used methamphetamine. (Doc. 66.) Judge Morris sentenced him to four months in custody, with twenty-eight months of supervised release. (*Id*.) Mr. Dupree began his current term of supervised release on May 22, 2017.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on July 7, 2017 alleging that Mr. Dupree violated the conditions of his supervised release by (1) failing to report to his probation officer as directed, (2) possessing a controlled substance on June 12, 2017, (3) using a controlled substance on June 12, 2017, (4) failing to report for substance abuse testing, (5) failing to report for substance abuse treatment, (6) possessing a controlled substance on July 2, 2017, and (7) using a controlled substance on July 2, 2017. (Doc. 67.) Based on the petition, Judge Morris issued a warrant for Mr. Dupree's arrest. (Doc. 68.)

**Initial appearance**

Mr. Dupree appeared before the undersigned on August 1, 2017, in Great Falls, Montana. Federal Defender Hank Branom accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United

States.

Mr. Dupree said he had read the petition and understood the allegations. Mr. Dupree waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Dupree admitted allegations 1-5 but nether admitted or denied allegations 6 and 7. The United States did not put on evidence on allegations 6 and 7. The admitted violations are serious and warrant revocation of Mr. Dupree's supervised release.

Mr. Dupree's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for twenty-eight months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

The parties agreed that a sentence of twelve months and one day in custody, with no supervised release to follow would be appropriate. Mr. Dupree exercised his right of allocution and stated that it is hard for him to stay sober on the reservation.

### III.  Analysis

Mr. Dupree's supervised release should be revoked because he admitted violating its conditions.  Mr. Dupree should be sentenced to twelve months and one day in custody, with no supervised release to follow. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

### IV.  Conclusion

Mr. Dupree was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Dupree's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Dupree's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Landon Thomas Dupree violated the conditions of his supervised release by (1) failing to report to his probation officer as directed, (2) possessing a controlled substance on June 12, 2017, (3) using a controlled substance on June 12, 2017, (4) failing to report for substance abuse testing, and (5) failing to report for substance abuse treatment.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment,
> revoking Mr. Dupree's supervised release and sentencing
> Mr. Dupree to twelve months and one day in custody,
> with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 8th day of August 2017.

_____
John Johnston
United States Magistrate Judge